MEMORANDUM DECISION
Defendant-appellant, Mary G. Loprire, appeals from the judgment of the Franklin County Municipal Court overruling her motion to suppress the results of her breath test and finding her guilty of OMVI in violation of Grandview Heights Municipal Code 333.01(a)(3).
On October 3, 1997, a Grandview Heights police officer stopped defendant for speeding. Defendant was transported to the Grandview Heights Police Department where she submitted a breath sample for analysis. Defendant was subsequently charged with OMVI. The complaint alleged that defendant had a blood-alcohol content of .157 when she was stopped for speeding.
On December 24, 1998, defendant filed a motion to suppress alleging, among other things, that the breath analysis was invalid because the solution used to calibrate the testing machine did not comply with the requirements of Ohio Adm. Code 3701-53-04. Defendant subsequently withdrew all branches of her suppression motion except the issue of whether the batch of calibration solution, "Guth Batch 97010," was properly approved by the Director of the Ohio Department of Health.
Because the approval of calibration solution "Guth Batch 97010" had previously been challenged on identical grounds in the case of State v.Kimpton (July 16, 1998), Franklin Cty. M.C. No. M9712TFC-159867, unreported, the parties agreed to forego a suppression hearing and stipulated to having defendant's motion to suppress decided upon the evidence submitted during the suppression hearing in Kimpton. Based upon that evidence, the trial court denied defendant's motion to suppress on June 17, 1998.
Following the denial of her motion to suppress, defendant entered a no contest plea to the speeding and OMVI charges against her. The trial court found defendant guilty on both counts and sentenced her accordingly. Defendant now appeals from that conviction and sentence assigning the following error:
 The trial court erred in overruling Defendant-Appellant's Motion to Suppress when the evidence established a failure to comply with the requirements of the applicable regulations set forth in Ohio Adm. Code 3701-53-01, et seq.
Specifically, defendant claims that the Director of the Ohio Department of Health ("ODH") failed to comply with the requirements of Ohio Adm. Code3701-53-04(A) when he adopted a methyl alcohol content of 1.22 mg/mL for "Guth Batch 97010," rather than the slightly higher figure found in ODH's own tests of the batch. In State v. Kimpton (May 13. 1999), Franklin App. No. 98AP-1048, unreported (1999 Opinions 1185), this court rejected precisely the same claim with respect to "Guth Batch 97010." Accordingly, defendant's assignment of error is overruled and the judgment of the trial court is affirmed for the reasons set forth in Kimpton.
Judgment affirmed.
PETREE and KENNEDY, JJ., concur.